**IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **INTERNATIONAL GUARDS UNION** § <br> **OF AMERICA LOCAL 150** § <br> **7104 Aldrich Ct.** § <br> **Spotsylvania, VA 22553** § <br>   § <br>   **Plaintiff,** § <br>   § <br> v.  § <br>   § <br> **CENTERRA GROUP, LLC** § <br> **13530 Dulles Technology Drive, Suite 500** § <br> **Herndon, Virginia 20171** § <br>   § <br>   **Defendant.** § | **CASE NO.** |

**COMPLAINT TO COMPEL ARBITRATION**

Plaintiff International Guards Union of America Local 150 ("Union"), by its undersigned counsel, files this Complaint seeking to compel arbitration of three related disputes between the Union and Defendant, Centerra, a Constellis Company ("Centerra" or "Company"), in accordance with the terms of their Collective Bargaining Agreement.

**NATURE OF ACTION**

1. The Union brings this action under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. § 4. The Union seeks to compel arbitration of active disputes that Centerra violated the parties' valid, current Collective Bargaining Agreement ("CBA").

**PARTIES**

2. The Union is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. §152(5) and has served as the sole and exclusive representative for the purposes of collective bargaining with respect to rates of pay, wages, hours and other conditions

of employment for all full-time and regular part-time Protective Force Officers assigned to the Department of Energy Headquarters facilities in Washington, DC. The Union represents the Protective Force Officers that are employed under Centerra's federal contract to provide security guard services at the Department of Energy.

3. Centerra, a Delaware LLC with its headquarters located in Herndon, Virginia, is an employer in interstate commerce within the meaning of the NLRA, 29 U.S.C. §152(2), and provides security services on contracts to federal government agencies including the Department of Energy.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

5. Venue is proper pursuant 28 U.S.C. § 1391(b) because the events giving rise to this action are substantially connected to this District. Venue is also proper pursuant to 28 U.S.C. § 1391(c) based upon Centerra's substantial contacts with this District, including conducting business within this District.

## FACTS

6. The Union and the Company are parties to a Collective Bargaining Agreement ("CBA" or "Agreement") effective from March 1, 2024 through February 28, 2027. A copy of the CBA is attached hereto as Exhibit A.

7. Union bargaining unit member Matthew LaRock, a Protective Force Officer for Centerra at DOE, notified the Company in a timely manner of his need for FMLA in relation to the birth of his child. His request for FMLA was approved. LaRock notified the Company of his desire to return to work from approved FMLA effective December 2, 2024. Notwithstanding the fact that the Company had been on notice for months, and was reminded, of LaRock's

reinstatement to work from approved FMLA, it denied his reinstatement in violation of the CBA and the applicable law, and effectively terminated his employment.

8.  Union bargaining unit member Nathan Matthews, a Protective Force Officer for Centerra at DOE, notified the Company in a timely manner of his need for FMLA in relation to work-related surgery on his elbow. His request for FMLA was approved, and was set to end with his return to work on December 16, 2024. Matthews reminded the Company on December 2, 2024, in writing, that he planned to return to work from approved FMLA effective December 16, 2024. Notwithstanding the fact that the Company had been on notice for months, and was reminded, of Matthews' reinstatement to work from approved FMLA, it denied his reinstatement in violation of the CBA and the applicable law, and effectively terminated his employment..

9.  Union President Adam Putnam investigated, opposed, grieved, and followed up on the grievances of Matthews and LaRock. In response, he was removed from work and terminated for no reason other than his opposition to the foregoing violations of the FMLA and the CBA, in violation of applicable law and the CBA.

10. The CBA provides for a four-step grievance procedure as outlined in Article 24.

11. The CBA provides for an arbitration procedure as outlined in Article 25. In the Grievance and Arbitration Procedures negotiated by the Parties, they agreed, at Article 25, section 6, that their Grievance and Arbitration procedures would be the "exclusive mechanism" for resolving any disputes arising under their CBA, such as the present disputes: <u>Section 6:</u> It is the specific intention of the Parties that the grievance and arbitration procedures set forth herein are the exclusive mechanism for the resolution of grievances, disputes, disagreements, or claims made under or related to this agreement. Likewise, all statutory claims, issues, demands, or

disputes arising under any state or federal law including, but not limited to Title 7 of the 1964 Human Rights Act, may be arbitrated under the provisions set forth herein as the sole remedy."

12. On January 7, 2025, Putnam and the Union timely grieved the Company's refusal to reinstate LaRock from his FMLA leave, as required by the CBA and the law. The Company denied the Grievance. After processing the grievance through the Grievance Procedure, on February 6, 2025, the Union timely demanded arbitration of the LaRock grievance. On February 10, 2025, the Company, through its Director of Labor Relations Richard Eaton, refused to arbitrate the grievance, claiming: "Article 31, Section 12, of the CBA requires employees to maintain their security clearance. Terminations for failure to maintain such is not arbitrable. Therefore, the Company refuses to arbitrate this matter."

13. On January 7, 2025, Putnam and the Union timely grieved the Company's refusal to reinstate Matthews from his FMLA leave, as required by the CBA and the law. The Company denied the Grievance. After processing the grievance through the Grievance Procedure, on February 6, 2025, the Union timely demanded arbitration of the Matthews grievance. On February 10, 2025, the Company, through its Director of Labor Relations Richard Eaton, refused to arbitrate the grievance, claiming: "Article 31, Section 12, of the CBA requires employees to maintain their security clearance. Terminations for failure to maintain such is not arbitrable. Therefore, the Company refuses to arbitrate this matter."

14. On January 23, 2024, the Union grieved the Company's removal of Putnam from work and discharge in violation of the CBA and applicable law. The Company denied the Grievance. On February 17, 2025, the Union timely demanded arbitration of the grievance. On February 19, 2025, the Company, through its Director of Labor Relations Richard Eaton, refused to arbitrate the grievance, claiming: "Article 31, Section 12, of the CBA requires employees to

maintain their security clearance. Terminations for failure to maintain such is not arbitrable. Therefore, the Company refuses to arbitrate this matter."

15. Centerra's response in each of these joined cases was the same; that because clearance was denied or removed, it had no responsibility. However, the CBA provides specific protections in these and similar situations, including, for example, Article 22 of the CBA, which provides: "Family and Medical Leave - Leave will be granted in accordance with applicable law. For consistency purposes, Maryland employees will be granted sixteen (16) weeks of leave as stated in the District of Columbia law. All other applicable state and federal FMLA laws apply based on the state of employment." ARTICLE 6: CONFLICT WITH STATE AND/OR FEDERAL LAW: "Where any provision of this agreement conflicts with any State and/or Federal Law, operative or hereinafter to become operative, the latter shall take precedence hereafter."

16. The violations of the FMLA with respect to LaRock, Matthews and Putnam are clear and undeniable, as was the termination of Putnam for opposing those violations. Hence, any terms that Centerra may rely on to claim otherwise will conflict with the FMLA, and will be defeated by Article 6. Other Articles in the CBA also protect the Union and its members from actions such as those in which the Union has alleged the Company engaged in relation to them losing their jobs with the Company, which actions provide additional, independent reasons why the Union will prevail in these cases, if allowed to proceed to arbitration.

17. Notwithstanding the fact that the Parties agreed that their Grievance and Arbitration procedures would be the "exclusive mechanism" for resolving any disputes arising under their CBA, Centerra has refused to arbitrate the grievance as required by the terms of the CBA.

**CLAIM TO COMPEL ARBITRATION**

18. The allegations of paragraphs 1-17 are incorporated as if fully set forth herein.

19. Article 24 of the Parties' CBA, the Grievance Procedure, provides: "For the purpose of this Agreement, the word "grievance" shall mean any dispute between the Employer and the Union, and/or between the Employer and any Employee as to the specific meaning, application, or interpretation of the provisions of this agreement."

20. Article 25 of the Parties' CBA, section 6, the Arbitration Procedure, provides that the Grievance and Arbitration Procedure is the "exclusive mechanism" for resolving any disputes arising under the CBA: "Section 6: It is the specific intention of the Parties that the grievance and arbitration procedures set forth herein are the exclusive mechanism for the resolution of grievances, disputes, disagreements, or claims made under or related to this agreement. Likewise, all statutory claims, issues, demands, or disputes arising under any state or federal law including, but not limited to Title 7 of the 1964 Human Rights Act, may be arbitrated under the provisions set forth herein as the sole remedy."

21. The Parties' dispute over the removal from work and discharges of bargaining unit members LaRock, Matthews and Putnam clearly falls within the language of Articles 24 and 25. Nothing in the CBA would render this dispute not subject to the arbitration provision. Accordingly, the Company should be compelled to arbitrate the dispute

22. Centerra has breached its agreement with the Union by refusing to arbitrate the Union's grievances asserting that Centerra violated the Parties' CBA concerning LaRock, Matthews and Putnam, and their removal from work and discharges in violation of the Parties' CBA and applicable law.

23. Pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court should compel Centerra to arbitrate its dispute with the Union over the Unions' claims that Centerra failed to comply with the Parties' CBA.

Case 1:25-cv-00583-JEB   Document 1   Filed 02/28/25   Page 7 of 8

## **PRAYER FOR RELIEF**

Wherefore, International Guards Union of America Local 150 respectfully requests that the Court enter an order as follows:

A. Compelling Centerra to participate in the arbitration process set forth in the Parties' collective bargaining agreement to adjudicate the Union's grievances over LaRock, Matthews and Putnam, and their removals from work and/or terminations; and

B. Reimbursing the Union's costs and attorneys' fees incurred in having to prosecute this action, after Centerra's frivolous and baseless refusal to arbitrate; and

C. Granting the Union all other appropriate relief that the Court deems just and appropriate.

Dated: February 27, 2025

Respectfully Submitted,

By: */s/ Gregory S. Emrick*
Gregory S. Emrick, Esquire (#MD28860)
OFFIT KURMAN, P.A.
7021 Columbia Gateway Drive, Suite 200
Columbia, Maryland 21046
Telephone: (410) 209-6418
Facsimile: (410) 209-6435
Email: gregory.emrick@offitkurman.com

Scott Kamins, *Admission Pending*
Offit Kurman P.A.
7021 Columbia Gateway Dr.
Suite 200
Columbia, MD 21046
(301) 575-0347 (phone)
(301) 575-0335 (facsimile)
skamins@offitkurman.com

*Attorneys for Plaintiff*